**EXHIBIT**

A

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CLARENDON | ) | C.A. No.: 2021-CP-14-____ |
| | ) | |
| Ricky Bell, | ) | |
| Plaintiff, | ) | |
| v. | ) | **SUMMONS AND NOTICE** |
| | ) | |
| | ) | |
| Georgia-Pacific, LLC, John Doe, | ) | |
| U.S. Metal Works, Inc., and Jack Doe | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO: THE ABOVE-NAMED DEFENDANT

You are hereby summoned and required to answer the Complaint in this action a copy of which is attached hereto and herewith served upon you; and to serve a copy of your answer to this Complaint upon the subscriber at 15 S. Main Street, Suite 600, Greenville, South Carolina 29601, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within this thirty (30) day period, the Plaintiff or Defendant will apply to the Court for the relief demanded in the Complaint and judgment will be taken against you by default.

THE JOEL BIEBER FIRM, LLC

By: ___s:\ Scott J. Bradley_____
Scott J. Bradley, Esquire (SCB#: 74951)
Attorney for Plaintiff
The Joel Bieber Firm
15 S. Main Street, Suite 600
Greenville, SC 29601
(864) 370-9300
sbradley@joelbieber.com

April 12, 2021

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CLARENDON | ) | C.A. No.: 2021-CP-14-____ |
| | ) | |
| Ricky Bell, | ) | |
|               Plaintiff, | ) | |
|     v. | ) | **COMPLAINT** |
| | ) | |
| Georgia -Pacific, LLC, John Doe, | ) | |
| U.S. Metal Works, Inc., and Jack Doe, | ) | **Jury Trial Requested** |
| | ) | |
|               Defendants. | ) | |
| _____ | ) | |

The Plaintiff complaining of the above-named Defendants would respectfully show unto this Honorable Court the following:

1.  Plaintiff is a citizen and resident of Birmingham, Alabama.

2.  Defendant Georgia-Pacific, LLC is a foreign limited liability company which is conducting business in South Carolina.

3.  At all relevant times, Georgia-Pacific owned and operated a manufacturing facility in Alcolu, South Carolina.

4.  Defendant U.S. Metal Works, Inc. ("US Metal")  is a foreign corporation which is conducting business in South Carolina.

5.  At all relevant times, employees or agents of US Metal were present and performing work at the Georgia-Pacific facility in Alcolu, South Carolina.

6.  Upon information and belief, John Doe was an employee or agent of Defendant Georgia-Pacific and is a resident and citizen of South Carolina.

7.  At all relevant times, John Doe was acting within the course and scope of his employment with Georgia-Pacific.

8.    Upon information and belief, Jack Doe was an employee or agent of Defendant US Metal and is a resident and citizen of South Carolina.

9.    At all relevant times, Jack Doe was acting within the course and scope of his employment with US Metal.

10.    The most substantial parts of the alleged acts and omissions giving rise to this cause of action occurred in Clarendon County, South Carolina.

11.    Jurisdiction and venue are proper in this Court.

12.    On or about December 9, 2019, Plaintiff was employed through People Staffing/Compensation Solutions, Inc. ("People Staffing") in the State of Alabama.

13.    Sometime prior to December 9, 2019, Robinson Fans, Inc. had entered into an agreement with People Staffing under which People Staffing was to provide individuals to work as a contract welders for Robinson Fans.

14.    Sometime prior to December 9, 2019, Robinson Fans had entered into an agreement with Georgia-Pacific to provide repair and maintenance work, to include welding work, at the Georgia-Pacific facility in Alcolu, South Carolina.

15.    Pursuant to the agreements referenced above, Plaintiff was sent by Robinson Fans to the Georgia-Pacific plant in Alcolu, South Carolina as part of the Robinson Fans crew hired to perform the repair and maintenance work.

16.    Upon information and belief, sometime prior to December 9, 2019, Defendant US Metal had entered into an agreement with Georgia-Pacific to provide repair and maintenance work at the Georgia-Pacific plant in Alcolu, South Carolina.

17.    At all relevant times, Georgia-Pacific had a duty to prepare and maintain its facility in a manner that provided for reasonable and safe work conditions for outside contractors.

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

18. At all relevant times, Georgia-Pacific had a duty to have the worksite prepared and cleaned so that the work of outside contractors, including Plaintiff, could be performed safely.

19. At all relevant times, Georgia-Pacific had a duty to provide the required safety equipment and implement reasonable safety protocols so that the work of outside contractors, including Plaintiff, could be performed safely.

20. At all relevant times, Georgia-Pacific had a duty to comply with all applicable OSHA regulations for the benefit of outside contractors, including Plaintiff, performing work in its facility.

21. At all relevant times, Georgia-Pacific had a duty to schedule, coordinate and oversee the work of its employees and outside contractors so that the work of all outside contractors, including Plaintiff, could be performed safely.

22. John Doe, in his capacity as a managerial or supervising employee of Georgia-Pacific, had a duty to ensure Georgia-Pacific complied with the above listed duties.

23. At all relevant times, US Metal had a duty to perform its work at the Georgia Pacific facility in a proper and safe manner.

24. At all relevant times, US Metal had a duty to perform its work at the Georgia Pacific facility in a manner so as to not endanger the safety of other workers and outside contractors, including Plaintiff, present at the Georgia Pacific facility.

25. At all relevant times, US Metal had a duty to schedule, coordinate and oversee the work of its employees performing its work at the Georgia Pacific facility in a manner so as to not endanger the safety of other workers and outside contractors, including Plaintiff, present at the Georgia Pacific facility.

26. At all relevant times, US Metal had a duty to comply with all applicable OSHA regulations

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

for the benefit of outside contractors, including Plaintiff, performing work at the Georgia Pacific facility.

27. Jack Doe, in his capacity as a managerial or supervisory employee of US Metal, had a duty to ensure US Metal complied with the above listed duties.

28. On December 9, 2019, Plaintiff was performing work on behalf of Robinson Fans at the Georgia-Pacific plant in Alcolu, South Carolina.

29. At all relevant times, Plaintiff was wearing the appropriate personal protective equipment (PPE) to perform his job in a safe manner.

30. As part of his job duties on that day, Plaintiff was to perform work on and inside of a commercial fan enclosure within the Georgia Pacific facility.

31. This work required him to access the interior of the inlet box adjacent to the fan.

32. The fan enclosure and the inlet box were supposed to be cleaned and maintained by Georgia-Pacific so as to be free of dust, sap and other flammable debris which could combust and endanger workers within the fan enclosure and/or the inlet box.

33. As Plaintiff undertook his work on December 9, 2019, the interior of the fan enclosure and the inlet box were caked with flammable debris, dust, and sap.

34. To access the interior of the inlet box, as was necessary to perform his work, Plaintiff was required to enter the inlet box through an approximately 2' x 2' opening.

35. Georgia-Pacific was supposed to provide scaffolding to allow access to the opening in the inlet box.

36. Plaintiff had to access the opening with the use of a ladder, as no scaffolding was provided.

37. After accessing the interior of the inlet box, Plaintiff began his welding work.

38. While Plaintiff was performing his welding work, employees or agents of US Metal were

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

performing work on the outside of the fan enclosure immediately above Plaintiff.

39.    The work of the US Metal employees or agents included the cutting of stacks with blowtorches.

40.    The US Metal work with blowtorches caused sparks and heated debris to rain down on and enter the ductwork of the fan enclosure.

41.    Upon information and belief, the sparks and heated debris entered the interior of the inlet box and ignited the debris, dust, and/or sap.

42.    The resulting explosion and fire caused severe and permanent injuries to Plaintiff.

43.    Georgia-Pacific was to supposed have a rescue team present at the facility to assist and provide aid in the event of an accident or other emergency arising from the work within the facility.

44.    At the time of the incident that injured Plaintiff, no rescue team was present.

45.    The rescue and prompt medical aid to Plaintiff was impeded by the lack of a rescue team.

46.    Plaintiff had to be rescued from the burning enclosure by co-workers who were in the vicinity.

47.    The rescue by his co-workers was impeded by the lack of scaffolding.

48.    Defendants acts and omissions were negligent, grossly negligent, reckless, willful and wanton and in breach of the applicable duties as follows:

### As to Defendant Georgia-Pacific, LLC

a.    Failing to maintain and provide a safe work environment for outside contractors to safely perform contracted for work;

b.    Failing to properly prepare the worksite for outside contractors to safely perform contracted for work;

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

c.    Failing to clean and maintain the interior of the fan enclosure and inlet box free of flammable debris, dust, and sap;

d.    Failing to provide all necessary safety equipment for outside contractors to safely perform contracted for work;

e.    Failing to implement adequate safety protocols and procedures to prevent an incident such as the one that injured Plaintiff;

f.    Failing to have a rescue team present and available in the event of an incident such as the one that injured Plaintiff;

g.    Failing to comply with all applicable OSHA regulations;

h.    Failing to properly and safely schedule and coordinate work of outside contractors;

i.    Failing to monitor the work of US Metal to ensure that its work was performed safely and properly and so as to not endanger other outside contractors, including Plaintiff;

j.    Allowing US Metal workers to perform work immediately above Plaintiff;

k.    Allowing US Metal workers to perform hot work immediately above the work area occupied by Plaintiff;

l.    Violating the laws of the State of South Carolina and such other particulars as the evidence at trial may show.

As to Defendant John Doe

a.    In his supervisory capacity for Georgia-Pacific:

    1.    Failing to maintain and provide a safe work environment for outside contractors to perform contracted for work;

    2.    Failing to properly prepare the worksite for outside contractors to perform contracted for work;

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

3.      Failing to clean and maintain the interior of the fan box and inlet box free of flammable debris, dust, and sap;

4.      Failing to provide all necessary safety equipment for outside contractors to safely perform contracted for work;

5.      Failing to implement adequate safety protocols and procedures to prevent an incident such as the one that injured Plaintiff;

6.      Failing to have a rescue team present and available in the event of an incident such as the one that injured Plaintiff;

7.      Failing to comply with all applicable OSHA regulations;

8.      Failing to properly and safely schedule and coordinate work of outside contractors;

9.      Failing to monitor the work of US Metal to ensure that its work was performed safely and properly and so as to not endanger other outside contractors, including Plaintiff;

10.     Allowing US Metal workers to perform work immediately above Plaintiff;

11.     Allowing US Metal workers to perform hot work immediately above the work area occupied by Plaintiff;

12.     Violating the laws of the State of South Carolina and such other particulars as the evidence at trial may show.

b.      The negligence, grossly negligent, reckless, willful and wanton acts and omissions of its employee, John Doe, are imputed to Georgia-Pacific under the doctrine of *respondeat superior*.

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

### As to Defendant U.S. Metal Works, Inc.

a.    Failing to perform work in a proper and safe manner;

b.    Failing to perform its work so as to not endanger other outside contractors, including

Plaintiff;

c.    Failing to take necessary actions to reasonably control the discharge of sparks and

heated debris ;

d.    Failing to properly supervise and oversee the work of its employees to ensure  the

work was performed in a manner so as to not endanger the safety of other outside

contractors, including Plaintiff;

e.    Failing to properly and safely schedule and coordinate its work;

f.    Performing work immediately above Plaintiff;

g.    Performing hot work immediately above Plaintiff;

h.    Failing to comply with applicable OHSA regulations;

i.    Violating the laws of the State of South Carolina and such other particulars as the

evidence at trial may show.

### As to Defendant Jack Doe

a.    In his supervisory capacity for US Metal:

1.    Failing to perform work in a proper and safe manner;

2.    Failing to perform its work so as to not endanger other outside contractors,

including Plaintiff;

3.    Failing to take necessary actions to reasonably control the discharge of sparks

and heated debris;

4.    Failing to properly supervise and oversee the work of its employees to ensure

ELECTRONICALLY FILED - 2021 Apr 12 4:02 PM - CLARENDON - COMMON PLEAS - CASE#2021CP1400173

the work was performed in a manner so as to not endanger the safety of other outside contractors, including Plaintiff;

    5.      Failing to properly and safely schedule and coordinate its work;

    6.      Performing work immediately above Plaintiff;

    7.      Performing hot work immediately above Plaintiff;

    8.      Failing to comply with applicable OHSA regulations;

    9.      Violating the laws of the State of South Carolina and such other particulars as the evidence at trial may show.

    b.      The Negligence, grossly negligent, reckless, willful and wanton acts and omissions of its employees, Jack Doe, are imputed to US Metal under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the negligent, grossly negligent, willful and wanton, careless and reckless acts or omissions on the part of Defendants, Plaintiff suffered past and future damages including, but not limited to:

    a.      Permanent bodily, mental, and psychological injuries;

    b.      Permanent scarring;

    c.      Permanent limitations and disabilities;

    d.      Past and future pain and suffering;

    e.      Past and future mental anguish;

    f.      Past and future medical and rehabilitative expenses;

    g.      Lost wages;

    h.      Loss of wage-earning capacity;

    i.      Mental anguish;

    j.      Embarrassment; and

k       Loss of the enjoyment of life.

All to his actual and punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for actual damages in excess of $100,000.00, to be determined by a jury, as will fully compensate Plaintiff for his injuries and damages, for the costs of this action, for prejudgment and post-judgment interest, and for such other and further relief as is appropriate under the circumstances.

WHEREFORE, Plaintiff also demands judgment against Defendants for punitive damages in an amount to be determined by a jury.

THE JOEL BIEBER FIRM, LLC

By: ___s:\ Scott J. Bradley_____
Scott J. Bradley, Esquire (SCB#: 74951)
Attorney for Plaintiff
The Joel Bieber Firm
15 S. Main Street, Suite 600
Greenville, SC 29601
(864) 370-9300
sbradley@joelbieber.com

April 12, 2021