IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICKY BELL, | ) |
|                 Plaintiff, | ) Civil Action No. 2:21-cv-01474-MBS |
| vs. | ) |
| GEORGIA-PACIFIC WOOD PRODUCTS LLC, ASHLEY WRIGHT, RODNEY POSTON, SCOTT PHILLIPS, WILLIS ISON, WYMAN TAYLOR, U.S. METAL WORKS, INC. AND ROGER MORSE | ) **OPINION AND ORDER** |
|                 Defendants. | ) |
| GEORGIA-PACIFIC WOOD PRODUCTS LLC, | ) |
|                 Third-Party Plaintiff, | ) |
| vs. | ) |
| ROBINSON FANS SERVICE & EQUIPMENT COMPANY, INC., | ) |
|                 Third-Party Defendant. | ) |

Plaintiff Ricky Bell filed a complaint in state court against Georgia-Pacific, LLC, U.S. Metal Works, Inc., and John and Jack Doe for negligence that caused or attributed to a workplace injury. ECF No. 1-1. U.S. Metal Works, Inc., with the consent of Georgia-Pacific, LLC, removed the action to this court on May 18, 2021, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. Plaintiff thereafter filed an amended complaint, replacing Georgia-Pacific, LLC with Georgia-Pacific Wood Products, LLC ("Georgia-Pacific"). ECF No. 23. U.S. Metal Works, Inc. ("U.S. Metal Works") and Georgia-Pacific filed respective answers

and Georgia-Pacific asserted a third-party claim against Robinson Fans Service & Equipment Company, Inc. ("Robinson Fans") for negligence, breach of contract/indemnification, and equitable indemnification. ECF No. 34. Meanwhile, Plaintiff received leave for additional time to serve the Doe Defendants, ECF No. 33, and, on February 3, 2022, filed a second amended complaint to name the following individuals in place of the Doe Defendants: Ashley Wright; Rodney Poston; Scott Phillips; Willis Ison; Wyman Taylor; and Roger Morse, ECF No. 50. Shortly thereafter, Plaintiff filed a motion to remand the action to state court on the basis that the presence of the newly named individual Defendants violates 28 U.S.C. § 1441(b)(2). ECF No. 53. Defendants Georgia-Pacific and U.S. Metal Works and Third-Party Defendant Robinson Fans (collectively, "corporate Defendants") oppose the motion. ECF No. 62. For the reasons stated below, the court denies the motion to remand.

## BACKGROUND

Plaintiff alleges that while employed with People Staffing/Compensation Solutions, Inc. he performed contract welding for Robinson Fans, which had contracted with Georgia-Pacific to provide repair and maintenance work at the Georgia-Pacific facility in Alcolu, South Carolina (the "Facility"). ECF No. 50 at ¶¶ 15-17. On December 9, 2019, Plaintiff was performing repair work on and inside of a commercial fan enclosure at the Facility, which work required him to access the interior of the inlet box, adjacent to the fan, which was reached through an opening approximately 2 feet by 2 feet in size. *Id.* at ¶¶ 35, 37, 38, 41. Plaintiff alleges that Georgia-Pacific had failed to erect scaffolding to facilitate access to the opening in the inlet box and that he instead used a ladder to crawl through the opening. *Id.* at ¶¶ 42, 43. Plaintiff alleges that despite Georgia-Pacific's responsibility to maintain the cleanliness of the interior of the fan enclosure, the inlet box was caked with flammable debris, dust, and sap. *Id.* at ¶¶ 39-40. As

Plaintiff began his work within the fan enclosure, employees and/or agents of U.S. Metal Works were working on the outside of the fan enclosure, directly above Plaintiff. *Id.* at ¶ 45. This work required the use of blowtorches, which caused sparks and heated debris to enter the ductwork of the fan enclosure and ultimately to ignite the dust and sap covering the interior of the enclosure. *Id.* at ¶¶ 46-48. An explosion and fire resulted and caused Plaintiff severe and permanent injuries. *Id.* at ¶ 50. Plaintiff alleges that Georgia-Pacific neglected to have a rescue team available at the Facility and that co-workers assisted him from the burning enclosure, and that the aid from his co-workers was impeded by the lack of scaffolding that should have been present and available at the site. *Id.* at ¶¶ 51-55. Plaintiff asserts that Defendants Ashley Wright, Rodney Poston, Scott Phillips, Willis Ison, and Wyman Taylor worked in a supervisory capacity for Georgia-Pacific at the time subject to this lawsuit and in that capacity are responsible for his injuries, and that the acts and omissions of these individual Defendants are imputed to Georgia-Pacific under the doctrine of respondeat superior. *Id.* at 9. Plaintiff further asserts that Defendant Roger Morse served in a supervisory capacity for U.S. Metal Works at the time in question and is similarly responsible for acts and omissions that are imputed to U.S. Metal Works under the doctrine of respondeat superior. *Id.* at 10-11.

## ANALYSIS

Plaintiff argues that remand is necessary because Defendants Ashley Wright, Rodney Poston, Scott Phillips, and Willis Ison are citizens of South Carolina and their joinder to this action and Plaintiff's subsequent service of the second amended complaint and summons on them divests this court of subject matter jurisdiction under 28 U.S.C. § 1441(b)(2). Plaintiff asserts that the court is required to remand the matter to state court pursuant to 28 U.S.C. § 1447(e). ECF No. 53. The corporate Defendants respond that the limiting provision of §

1441(b)(2) applies only at the time of removal and that all Defendants remain diverse from Plaintiff and there is no question the amount in controversy is satisfied. ECF No. 62. The corporate Defendants also assert that Plaintiff's motion to remand is untimely under 28 U.S.C. § 1447(b). *Id.*

As the docket reflects, the corporate Defendants removed this case from state court pursuant to 28 U.S.C. § 1441(a), which authorizes a defendant to remove an action to federal court where the federal court has original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Here, the court has original jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. Section 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This provision, also known as the forum defendant rule, creates an exception to a defendant's right to remove a case from state court to federal court. Diversity jurisdiction serves, at least in part, to grant a "citizen of one state access to an unbiased court to protect him from parochialism if he [i]s forced into litigation in another state in which he [i]s a stranger and of which his opponent [i]s a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). The forum defendant rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)).

Also relevant to the court's inquiry is the tenet that "federal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citation omitted). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). However, a party who wishes to seek remand of a case on the basis of a defect in the removal process, that is, a defect other than lack of subject matter jurisdiction, the party must so move within 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c).

No one disputes the propriety of the corporate Defendants' removal of the case to this court in May 2021 or that diversity jurisdiction existed at that time. Rather, Plaintiff contends that following the proper joinder and service of Defendants Ashley Wright, Rodney Poston, Scott Phillips, and Willis Ison, the forum defendant rule now operates to require remand. The implication in the argument is that the addition of a defendant who is a citizen of the forum state divests the court of jurisdiction. The Fourth Circuit has not yet addressed the issue but every other Circuit has considered the question and held that violation of the forum defendant rule is a procedural defect that does not, on its own, alter the court's jurisdiction. *See Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 22 (1st Cir. 1987); *Handelsman v. Bedford Vill. Assocs.,* 213 F.3d 48 (2d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.,* 179 F.3d 81, 90 n.3 (3d Cir. 1999); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir. 1991); *Handley–Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 437 (6th Cir. 1924); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 380 (7th Cir. 2000); *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049 (8th Cir. 2020); *Lively v.*

*Wild Oats Markets, Inc.,* 456 F.3d 933 (9th Cir. 2006); *Am. Oil Co. v. McMullin,* 433 F.2d 1091 (10th Cir. 1970); *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368 (11th Cir.1998). Rather, as a procedural defect, violation of the forum defendant rule is waivable. The court finds the Fourth Circuit would likely join with its sister Circuits who have collectively agreed on the issue and therefore concludes that the joinder of Defendants Ashley Wright, Rodney Poston, Scott Phillips, and Willis Ison does not divest the court of jurisdiction.

And while remand might be appropriate in the midst of certain circumstances, none of the facts of this case support remand. The parties remain diverse from each other. Plaintiff is a citizen of Alabama; the corporate Defendants are foreign to South Carolina; and the individual Defendants are citizens of South Carolina or of a state other than Alabama. And Defendants are not comprised exclusively of forum citizens. *Cf. Medish v. Johns Hopkins Health System Corporation*, 271 F. Supp. 3d 719, 724-26 (D. Md. 2017) (granting motion to remand made within 30 days of notice of removal where diversity jurisdiction existed but remaining defendant was citizen of the forum). There is no indication of gamesmanship on behalf of the corporate Defendants; for example, there is no evidence they prematurely sought to remove the case before forum defendants were properly served with the complaint. *Cf. Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 556 (S.D.W. Va. 2015) (finding that where the defendants in an action are residents of the forum state, the forum defendant rule bars removal, "regardless of whether Defendants removed it prior to service"). *Cf. also Campbell v. Hampton Roads Bankshares, Inc.,* 925 F. Supp. 2d 800, 809–10 (E.D.Va. 2013) (applying forum defendant rule to preclude named defendant who was a citizen of forum state and who had not yet been served with process from removing action to federal court); *Turtle Factory Building Corp. v. McGrath Real Estate Holdings, LLC*, No. 2:20-cv-03099-RMG, 2021 WL 688697 (D.S.C. Jan.

28, 2021) (finding forum defendant rule barred defendant from removing action where co-defendant, who was named in complaint but had not yet been served, was citizen of forum state).

Finally, while Plaintiff did not learn of the individual Defendants' identities until well after the case had been removed and the parties began to exchange written discovery, the court notes that Plaintiff waited until February 7, 2022 to file his motion to remand. The timing of the motion coincided with the filing of the second amended complaint but was delayed by approximately five months after Plaintiff received Georgia-Pacific's discovery responses and three months after Plaintiff received U.S. Metal Works's discovery responses. *See* ECF No. 53-2; ECF No. 53-3. The court recognizes that the discovery responses identify the individual Defendants without providing information regarding their citizenship, *see id.*, but notes nonetheless that the length of delay cuts against the court fashioning any sort of analogous finding under 28 U.S.C. § 1447(c) that Plaintiff timely moved for remand.

For these reasons, the court denies the Motion to Remand. ECF No. 53.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

May 12, 2022
Charleston, South Carolina